IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MYRON M. McCRAY,

    Plaintiff,

vs.                                          Case No. 4:11cv607-SPM/WCS

ADAM KOMISAR, et al.,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff, a prisoner in the Leon County Jail, initiated this case on November 28, 2011. Doc. 1. Plaintiff is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*. Docs. 7, 8. Plaintiff has paid the assessed initial partial filing fee and I have now reviewed Plaintiff's civil rights complaint, filed under 42 U.S.C. § 1983, doc. 1, as is required by 28 U.S.C. § 1915A.

Plaintiff's initial complaint is deficient. On the title page of the complaint form, Plaintiff lists four persons as Defendants, one of whom is an assistant state attorney, two are public defenders, and the fourth De is identified as "conflict counsel." Doc. 1. On page two of the complaint form, Plaintiff lists only three Defendants. *Id.*, at 2. The

listing of Defendants must be identical throughout the complaint and this complaint does not do so.

Furthermore, Plaintiff has failed to set forth the factual allegations of the complaint in separately numbered paragraphs as is required by Federal Rule of Civil Procedure 10(b).  Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b).  In its present form, the complaint could not be appropriately responded to by the Defendants.

The failure to properly list Defendants or use short, numbered paragraphs is not the most serious deficiency.  Having reviewed Plaintiff's statement of facts, it is clear that Plaintiff's complaint fails to state a claim for which relief is possible in this civil rights action.

Plaintiff alleges that he turned himself into the jail on May 24, 2011.  Doc. 1, p. 5. Plaintiff contends the two public defenders have rendered ineffective assistance of counsel and have violated his constitutional rights.  Plaintiff alleges that his criminal defense lawyers transferred his case to the conflict of counsel office who also has rendered ineffective assistance of counsel.  *Id.*, at 7.  Plaintiff further claims the state attorney has rendered ineffective assistance and committed the tort of malicious prosecution.  *Id.*, at 7, 8.  It is unclear from Plaintiff's allegations whether he has entered a plea to the criminal charges against him or not.

A claim that one has been improperly convicted of criminal charges or seeking release from jail is a claim that must be pursued in a petition for habeas corpus relief, and is not an appropriate civil rights claim.  Plaintiff seeks only injunctive relief, and a

civil rights case cannot provide the requested relief, whether deemed to be dismissal of criminal charges or to clear Plaintiff's record.

Further, Plaintiff cannot bring a § 1983 civil rights claim against public defenders or privately hired criminal defense lawyers. Representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983. <u>Richardson v. Fleming</u>, 651 F.2d 366, 371 (5th Cir. 1981); <u>Slavin v. Curry</u>, 574 F.2d 1256, 1265 (5th Cir. 1976); <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985). The actions of persons who were charged with representing Plaintiff against criminal charges brought by the State of Florida are the actions of a private party; the law is clear that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender is not a "state actor" for purposes of § 1983. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981)(holding that under the facts of this case, a public defender was act acting "under color of state law" but declining to hold that a public defender never acts in that role.); *noting* <u>Branti v. Finkel</u>, 445 U.S. 507, 100 S. Ct. 1287, 63 L. Ed. 2d 574 (1980) (holding that a public defender is a state actor when making hiring and firing decisions).

Moreover, Plaintiff cannot bring a claim against the state attorney named as a Defendant in this case either. A prosecutor cannot be held liable for failing to provide assistance of counsel to Plaintiff because their role in the criminal justice system is not to assist Plaintiff in his defense, but to prosecute Plaintiff.

A claim for malicious prosecution cannot proceed either. State law governs a § 1983 claim based on malicious prosecution.[1] Eidson v. Arenas, 910 F. Supp. 609, 613 (M.D. Fla. 1995); Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998). Under Florida law, to prevail in a malicious prosecution action a plaintiff must establish that: (1) an original criminal or civil judicial proceeding was commenced against the present plaintiff; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff; (3) a bona fide termination of the original proceeding in favor of the present plaintiff; (4) an absence of probable cause for the original proceeding; (5) the presence of malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994); *see also* Heck v. Humphrey, 512 U.S. 477, 484, 114 S. Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994) (finding "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). A plaintiff's inability to satisfy any one of these six elements defeats the action. Alamo, 632 So. 2d at 1355; Scozari v. Barone, 546 So. 2d 750, 751 (Fla. 2d DCA 1989). If Plaintiff has not yet gone to trial on the criminal charges, Plaintiff cannot demonstrate the bona-fide termination requirement, or what may be referred to as a favorable termination of the criminal charges. Union Oil of California Amsco Div. v. Watson, 468 So. 2d 349, 353 (Fla. 3d DCA 1985). "Bona fide" means "the termination was not bargained for[2] or obtained by the accused upon a

---

[1] The right to be free from malicious prosecution is founded upon the Fourth Amendment. Uboh v. Reno, 141 F.3d 1000, 1003 (11th Cir. 1998).

[2] If "the bargaining constitutes nothing more than a promise to pay what was offered before the charges were brought, and the negotiations reflect the accused's

promise of payment or restitution." Union Oil, 468 So. 2d at 353, n. 3; Freedman v. Crabro Motors, Inc., 199 So. 2d 745 (Fla. 3d DCA 1967). In criminal cases, it is well established that only terminations indicating "that the accused is innocent" are considered favorable. Uboh, 141 F.3d at 1004, *citing* Hilfirty v. Shipman, 91 F.3d 573, 580 (3rd Cir.1996); Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994). "[W]ithdrawal of criminal charges pursuant to a compromise or agreement does not constitute favorable termination and, thus, cannot support a claim for malicious prosecution." Uboh, 141 F.3d at 1004-05, *citing* Taylor, 36 F.3d at 455-56. Here, Plaintiff cannot succeed on this claim until resolution of the criminal charges against him in his favor. Alternatively, If Plaintiff entered a plea to the charge, and that fact is unclear from the allegations in the initial complaint, doc. 1, then Plaintiff is still unable to meet the "favorable termination" element of a malicious prosecution claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on February 10, 2012.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

innocence, then the termination would still be bona fide." Alamo, 632 So. 2d at 1356.

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.